[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 12-15124

Agency No. 12-CA-026758

AMBASSADOR SERVICES, INC.,

Petitioner-Cross-Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross-Petitioner.

Petitions for Review of a Decision of the
National Labor Relations Board

(November 15, 2013)

Before HULL and ANDERSON, Circuit Judges, and MOTZ,[*] District Judge.

PER CURIAM:

---

[*]Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by designation.

Ambassador Services, Inc. ("Ambassador") petitions this Court for review of the National Labor Relations Board's Decision and Order, which found Ambassador in violation of Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act (the "NLRA"), 29 U.S.C. §§ 158(a)(1), (5).  The Board cross-petitions for enforcement of its order.

On appeal, Ambassador asserts that the Board lacked a quorum to issue its order because—at the time that the Board issued its decision and order—three of the Board's five members were intra-session recess appointments made without Senate consent.  We first conclude that Ambassador did not waive the right to raise the issue of the Board's authority to act.  As to the Board's authority to act, we do not write on a clean slate given our precedent in Evans v. Stephens.  See 387 F.3d 1220 (11th Cir. 2004) (en banc) (interpreting the Constitution's Recess Appointments Clause).  While there are certainly some differences between this Court's opinion in Evans and this case, the reasoning in Evans persuades us that Ambassador's quorum claim lacks merit and that the authority of the Board to act does not affect our subject matter jurisdiction over the merits issues in this case. See Evans, 387 F.3d at 1222 n.1, 1224-27; see also NLRB v. RELCO Locomotives, Inc., No. 12-2111, --- F.3d ----, 2013 WL 4420775, *26-28 (8th Cir. Aug. 20, 2013); GGNSC Springfield LLC v. NLRB, 721 F.3d 403, 406-07 (6th Cir. 2013).

2

Proceeding to the merits, Ambassador claims that substantial evidence did not support the Board's decisions that

- John Martin was a statutory supervisor;

- Donnie May's conduct violated NLRA § 8(a)(1);

- Ambassador's safety rule prohibiting "walking off the job" violated NLRA § 8(a)(1);

- Ambassador did not establish that a majority of employees signed the decertification petition; and

- Ambassador unlawfully failed and refused to recognize and bargain with the Union.

After oral argument and careful consideration of the entire record and all of the merits issues, we conclude that substantial evidence supported the Board's determinations.  Thus, we affirm the Board's decision and grant the Board's petition for enforcement.

For the foregoing reasons, we **DENY** Ambassador's petition for review and **GRANT** the Board's cross-petition for enforcement of its order in full.

3